**ORIGINAL**

# In The United States Court of Federal Claims

No. 13-931 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: November 27, 2013)

FILED

NOV 27 2013

U.S. COURT OF
FEDERAL CLAIMS

SILVA WAYNE ANTHONY,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

### OPINION and ORDER

On November 22, 2013, Silva Wayne Anthony (plaintiff) filed a complaint seeking, *inter alia,* to collect upon an alleged judgment by having this court order the seizure of $119,525,127.73 from the United States Department of Justice or perhaps the City of New Bedford, Massachusetts (it is not clear from the complaint which).

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claim that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. Plaintiff makes some references in his complaint to the Due Process Clause of the Fifth Amendment to the U.S. Constitution – but this is not a money-mandating provision, as would support this court's exercise of jurisdiction. *See LeBlanc v. United States*, 50

F.3d 1025, 1028 (Fed. Cir. 1995); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980). At all events, this court lacks the authority to order the execution of judgments allegedly rendered by other courts. *See Ali v. United States*, 2007 WL 5161791, at *3 (Fed. Cl. Jan. 11, 2007); *see also Ramirez v. United States*, 36 Fed. Cl. 467, 472 (1996).

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge